UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 06-22139-CIV-COOKE/BROWN

PORCELANAS FLORENCIA, S.A., a
Chilean corporation,

    Plaintiff,

v.

CARRIBEAN RESORT SUPPLIERS, INC.,
a Florida corporation, and ELIO MARTINEZ,
individually,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION TO STRIKE**

THIS CAUSE is before the Court upon Defendants' Motion to Strike (DE 9), filed October 26, 2006.  The Court having reviewed the Motion finds, for the reasons set forth below, that Defendants' Motion to Strike should be denied.

**I.     BACKGROUND**

In its Complaint, Plaintiff alleges that it is in the business of manufacturing, producing, and exporting finely crafted porcelain dinnerware products.  According to Plaintiff, the Defendants are engaged in the business of receiving and distributing goods and products from warehouses in Miami, Florida.  Plaintiff avers that through purchase orders Defendants requested that Plaintiff ship its porcelain dinnerware products to Defendants' Miami Warehouse and several consignment companies.  Plaintiff alleges that it delivered the goods to the Defendants as they requested, however, Plaintiff avers that the Defendants failed to make proper payment for

the goods. Moreover, Plaintiff alleges that the Defendants tendered worthless checks payable to Plaintiff in excess of $300,000. Plaintiff asserts causes of action for conversion, fraud and deceit, violation of Florida Statute § 68.065, and violation of Florida's civil RICO Act.

## II.  STANDARD

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. Fed.R.Civ.P. 12(f). The court enjoys broad discretion in determining whether to grant or deny a motion to strike. Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F.Supp. 992, 1000 (M.D.Fla .1976). However, "[p]artly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts.... It is a drastic remedy to be resorted to only when required for the purposes of justice." Augustus v. Bd. of Public Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir.1962) (internal quotation marks and citation omitted).[1] A court will not exercise this discretion unless the "challenged allegations have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574, 576 (M.D.Fla.1995). See Poston v. American President Lines, Ltd., 452 F.Supp. 568, 570 (S.D. Fla. 1978).

## III  ANALYSIS

In the present action, Defendants seek to strike Paragraph Thirty of the Complaint. The Defendants contend that this Paragraph should be struck because Florida Criminal Statute § 832

---

[1] Pursuant to Bonner v. Prichard, 661 F.2d 1206, 1207 (11th Cir.1981), all decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding precedent upon this Court.

does not create a private right of action and therefore the inclusion of Paragraph Thirty "has no place in this civil action." Mot. at 1. However, this argument is not meritorious.

Paragraph Thirty of the Complaint states "[k]nowing presentment of worthless checks is a crime under Fla. Stat. § 832 *et. seq*. and applicable law, and each worthless check presented constitutes a separate criminal offense." Compl. at ¶ 30. Upon review of the Complaint, it does not appear that Plaintiff is attempting to assert a private right of action under Florida Criminal Statute § 832. In fact, the only causes of action asserted in the Complaint are for conversion, fraud and deceit, violation of Florida Statute § 68.065, and violation of Florida's civil RICO Act. Moreover, the Court finds that the allegations contained within Paragraph Thirty appear to bear a relationship to this controversy and will not confuse issues or otherwise prejudice the Defendants. As a result, the Court is unwilling to take the drastic step of striking Paragraph Thirty of the Complaint.[2] Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion to Strike (DE 9) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 18th day of January, 2007.

_____
MARCIA G. COOKE
United States District Judge

---

[2] In their initial brief, Defendants failed to incorporate a supporting memorandum of law in compliance with Southern District of Florida Local Rule 7.1. In relevant part, Local Rule 7.1 states "[e]very motion when filed shall include or be accompanied by a memorandum of law citing supporting authorities." S.D. Fla. L.R. 7.1. Defense Counsel is forewarned that this Court will not acquiesce as parties attempt to flaunt its rules and procedures, therefore, in the future this Court will immediately deny any motion which fails to fully comply with the Local Rules of this Court or the Federal Rules of Civil Procedure.