UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 06-22139-CV-COOKE/TURNOFF

PORCELANAS FLORENCIA, S.A.,

    Plaintiff,

vs.

CARIBBEAN RESORT SUPPLIERS, INC.,
and ELIO MARTINEZ,

    Defendants.
    _____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned upon on Order of Recusal and Reassignment entered on October 6, 2008 by Chief United States Magistrate Judge Ted E. Bandstra **[D.E. 72],** and a previously pending Motion for Attorney's Fees and Costs. **[D.E. 67]**.

A hearing on the Motion **[D.E. 67]** took place before the undersigned on Wednesday, October 22, 2008. Francis X. Sexton, Esq. appeared on behalf of Plaintiff Porcelanas Florencia, S.A. (hereinafter "Porcelanas"). Neither of the unrepresented Defendants appeared. Because of the Defendants' non-appearance, no argument was heard at the hearing. Instead, the Court took the matter under advisement. Photocopies of the Minute Entry related to the hearing were mailed to the Defendants' last known addresses.

Upon review of the Motion **[D.E. 67]**, the court file, and the entire record, the undersigned makes the following findings.

## I. Factual Background

This action was filed on August 24, 2006. See Compl. **[D.E. 1]**. The Complaint makes the following allegations: Count I: Goods Sold and Delivered; Count II: Account Stated; Count III: Violations of Fla. Stat. § 68.065 (worthless check writing); and Count IV: Violations of Federal and State Rico laws.

Plaintiff is in the business of manufacturing, producing, and exporting porcelain dinnerware products from Chile and around the world. Id. at ¶ 12, 13. Defendants are in the business of receiving and distributing goods. Id. at 13. By way of purchase orders, Defendants requested that Plaintiff ship certain products to Defendant's Miami, Florida warehouse. Id. at ¶ 14. In addition, Defendants ordered shipments of porcelain products from Plaintiff to be shipped to various consignment companies in Mexico. Id. Plaintiff delivered the goods to Defendants as requested. Id. at ¶ 16. Plaintiff submitted its invoices for payment. Defendants made two payments by wire transfer in the amounts of $18,000 and $5,700. According to Plaintiff, no other valid payments have been made. Instead, worthless checks totaling over $400,000 were tendered as payment by Defendants.

## II. Procedural Background

Defendant Caribbean Resort Suppliers, Inc., filed a Suggestion of Bankruptcy on April 27, 2007, and an automatic stay was entered. **[D.E. 41]**. The automatic stay was later lifted at the request of the Plaintiff on September 5, 2007. **[D.E. 49]**. On that same day, Judge Cooke entered an Order Granting Defendant's counsel leave to withdraw from the case. **[D.E. 48]**. The basis for the motion to withdraw was counsel's inability to communicate with Defendant Martinez (believed to be the Principal for the corporate Defendant).

An Order to Show Cause was entered on November 29, 2007. No response was filed. On December 21, 2007, Judge Cooke entered an Order granting Plaintiff's Motion for Default Judgment as to liability. **[D.E. 60]**. An evidentiary hearing was scheduled on the issue of damages. On March 21, 2008, Judgment was entered in favor of Plaintiff in the amount of $1,483,785.40. **[D.E. 66]**. Judge Cooke reserved jurisdiction to enter an award of attorney's fees.

The instant Motion was filed April 17, 2008.[1] To date, there has been no responsive filing by either Defendant, and Local Rule 7.1 ( C)  allows the granting of the Motion by default. However, the undersigned has reviewed the substance of the Motion, and finds it otherwise meritorious.

### III.  Analysis

#### A.  Entitlement to Attorney's Fees and Costs

Plaintiff is requesting an award of attorney's fees and costs based upon Fla. Stat. § 68.05 and pursuant to a prevailing party theory.

It is well settled  that in diversity cases a party's right to attorney's fees is determined by reference to state law.  See <u>Prime Ins. Syndicate, Inc., v. Soil Tech Distributers, Inc.</u>, 2008 WL 816663 (C.A. 11, Fla. 2008)(quoting <u>All Underwriters v. Weisberg</u>, 222 F.3d 1309, 1311 (11th Cir. 2000)).

1.  **Relevant Statute**

**Fla. Stat. § 68.05**.  **Actions to collect worthless checks, drafts, or orders of payment; attorney's fees and collection costs.**

Fla.Stat. § 68.05 states in pertinent part,

---

[1] This matter was not referred to the undersigned until October 6, 2008 . **[D.E. 72]**.

> (1) In any civil action brought for the purpose of collecting a check, draft, or order of payment, the payment of which has been refused by the drawee bank because of the lack of funds, credit, or an account, or where the maker or drawer stops the payment on the check, draft, or order of payment with the intent to defraud, and where the maker or drawer fails to pay the amount owing, in cash, to the payee within 30 days following a written demand therefor, as provided in subsection (3),[2] the maker or drawer shall be liable to the payee, in addition to the amount owing upon such check, draft or order, for damages of triple the amount so owing. However, in no case shall the liability for damages be less than $50. The maker shall also be liable for any court costs and reasonable attorney fees incurred the payee in taking the action. . . .

Fla. Stat. § 68.05.

Here, Defendants failed to pay Plaintiff for certain goods that they ordered and received from Plaintiff. Instead, Defendants tendered several worthless checks to Plaintiff totaling $471,042.36. See Final Judgment (Mar. 21, 2008) **[D.E. 66]**. Plaintiff, prior to filing this action, made a written demand for payment and complied with all other statutory requirement. Defendants failed to remit payment within the thirty (30) days required by Fla.Stat. § 68.05.

On December 21, 2007, after Defendants failed to respond to an Order to Show Cause **[D.E. 56]**, the Honorable Marcia G. Cooke entered a default judgment against Defendants as to liability. **[D.E. 60]**. An evidentiary hearing was set for March 19, 2008 and Defendants were sent notices at their last known addresses. Defendants failed to appear at the hearing.

On March 21, 2008 Judge Cooke entered Final Judgment against both Defendants, jointly and severally. **[D.E. 66]**. The total amount of the judgment is $1,483, 785.40. This sum includes the amount of worthless checks ($471,042.36) plus the statutory service fee amount of 5% of the total face value of the checks ($23,552.12) for a total of $494,594.48. Said amount was subject to trebling under § 68.05(1), resulting in a final judgment amount of $1,483,785.40. There is no

---

[2](3) sets forth, among other things, the proper method of notice for making a claim.

question that Plaintiff is the prevailing party in this matter.  Accordingly, the undersigned finds that Plaintiff is entitled to its reasonable attorney's fees and costs as a prevailing party, and pursuant to Fla.Stat. § 68.05.

Having determined the issues of entitlement, the  following shall address the issues of reasonableness.

### B.  Reasonableness of Fees

Both the Florida Supreme Court and the district courts in this Circuit employ the federal lodestar approach to set reasonable fee awards.  See Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994)(*per curiam*); Fla. Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985). The starting point for determining the reasonableness  of a fee request is to multiply the reasonable hours expended by a reasonable hourly rate.  See Norman v. Housing Auth. of Montgomery, 836 F. 2d 1292, 1299 (11th Cir. 1998).

#### 1.    Hourly Rate

This Circuit defines the reasonable hourly rate to be the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonable comparable skills, experience, and reputation."  See Norman, 836 F.2d at 1299-1302.  Several well established factors[3] may be considered in arriving at that prevailing market rate as set forth in Johnson v. Georgia

---

[3] These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the degree of skill necessary to serve the client properly; (4) the attorney's inability to accept other employment because he accepted the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount of damages involved and the relief or results obtained; (9) the experience, reputation and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the attorney's professional relationship with the client; and (12) awards in similar cases.  Johnson, 488 F. 2d  at 717-19.

Highway Express, Inc., 488 F. 2d 714, 717-19 (5th Cir. 1974).

However, the court itself is deemed an expert on the issue of hourly rates in its community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." See Loranger, 10 F. 3d at 781 (quoting Norman, 836 F.2d at 1303). When conducting such an analysis, the court is guided by the standard of reasonableness. See Turner v. Mama Mia I, Inc., No. 08-61041-CIV, slip op. at 1 (S.D. Fla. Sept. 8, 2008).

In the case at bar, Plaintiff has requested fees in the amount of $113,864.00. This figure has been calculated pursuant to the following hourly rates: (1) $395 for lead attorneys Francis X. Sexton, Marian Kennady, Jorge Galvez-Priego, and Scott Leonard;[4] and (2) $120 for paralegals Rosario Benitez,[5] Zoila Sanchez, Yvonne Candia, and Ken Taninka; and (3) $85 for paralegal Virginia Mansilla.

It is well established that the party seeking fees has the burden of supplying the court with detailed evidence from which the court can determine a reasonable fee. However, where that party presents inadequate documentation or insufficient evidence of current market rates, the court may determine a reasonable award based upon its own experience. Villano, 254 F. 3d 1302 (quoting Mills v. Freeman, 118 F. 3d 727, 734 (11th Cir. 1999)). As such, the court, in its discretion, can reduce the hourly rates if it deems it necessary. See Turner, No. 08-61041-CIV, at 2; see also, Trujillo v. Banco Central del Ecuador, 229 F. Supp. 1369 (S.D. Fla. 2002); (accord, Loranger, 10

---

[4] According to Plaintiff's invoices, Scott Leonard billed a total of 79.8 hours for the case at bar, of which he charged $395 per hour for 40.9 hours and $285 per hour for 38.9 hours.

[5] According to Plaintiff's invoices, Rosario Benitez billed a total of 30 hours for the case at bar, which were billed as followed: 25.5 hours at $120 per hour; and 4.5 hours at $85 per hour.

F. 3d at 776, 783 (11th Cir. 1994)).

In support of the hourly rates requested by Plaintiff, the only evidence submitted as to their reasonableness are the Affidavits of Francis X. Sexton, **[D.E. 76; Ex. C]** the lead attorney in the case, and the expert Affidavit of Jason Klein, Esq. **[D.E. 67; Ex. B]**. The undersigned, after conducting an independent review, and noting the lack of information supporting the requested higher fee, finds the rate of $395 per hour to be somewhat excessive for the South Florida legal community for this particular type of case.

This Court recently addressed this very issue in Orenshteyn v. Citrix Systems Inc., 558 F. Supp. 2d 1251 (S.D. Fla. 2008). In that case, when considering the reasonableness of hourly rates, the court reduced the requested rates of two highly experienced intellectual property attorneys, specializing in the field of patent infringement litigation, to $350 per hour. Id. at 1256. The court pointed to Johnson factors (2) and (3) and reasoned a reduction in the hourly rates was warranted because, even though the complexity of the case required experienced patent litigators, there were adequate lawyers specializing in the field of patent law capable of handling the case in the present market at lower billable rates. Id. at 1258.

Likewise, in the present case, the reason why an adjustment is necessary can be found, *inter alia*, by reference to the Johnson factors (2) and (3). The Court notes that the present case does not involve a terribly complicated area of law, the Defendant tendered worthless checks in breach of contract, and then defaulted on final judgment. Fla. Stat. § 68.05 is very straightforward, and imposes strict liability on Defendants who violate same. Although Porcelanas prudently hired an experienced commercial litigation firm to represent its interests in this matter, given the aforementioned reasoning and the complexity of the case, the Court finds that a reduction is

appropriate.

Bearing in mind Plaintiff's experience, and the favorable results thereby obtained, the undersigned, based on its own expertise, will apply the more reasonable rate of $350 per hour to those hours Plaintiff charged at $395 per hour.[6] Therefore the undersigned **RESPECTFULLY RECOMMENDS** that the Plaintiff's request for attorney's fees be **REDUCED** by $11,182.50, and as such, that Plaintiff be awarded a total of **$102,681.50** in fees.

### 2. Hours

After determining the reasonableness of the hourly rate, the court must next determine the reasonableness of the hours expended. See Norman, 836 F. 2d at 1299. In this regard, the moving party must show billing judgment and exclude unnecessary hours, irrespective of the skill, reputation or experience of counsel. See ACLU v. Barnes, 168 F. 3d 423, 427 (11th Cir. 1999).

Here, Plaintiff seeks a total of $ 113,864.00 in attorney's fees representing 380.7 hours.[7] The undersigned has conducted a careful review of the billing records, even though an hour-by-hour review is not necessary. See generally, Villano v. City of Boynton Beach, 254 F.3d 1302, 1311 (11th Cir. 2001); see also, Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994)("[w]here fee documentation is voluminous," it will not be feasible to require a court to "engage in such a precise

---

[6]248.5 hours were billed at a rate of $395 per hour which represents $ 98,157.50 of the total requested amount of $113,864.00 (Francis X. Sexton billed 52 hours at $395 per hour, for a total of $20,540.00; Marian Kennady billed 117.9 hours at $395 per hour for a total of $46,570.50; Jorge Galvez-Priego billed 37.7 hours at $395 per hour for a total of $14,891.50; Scott Leonard billed 40.9 hours at $395 per hour for a total of $16,155.50). A reduction to $350 per hour provides a total compensation of $86,975.00 in regard to the 248.5 in question, and a reduction of $11,182.50 to the overall award.

[7]The undersigned finds that out of the 380.7 hours claimed by the Plaintiff, the Plaintiff actually billed for a total of 328.7 hours, and chose not to bill for 52 hours.

review.").

The Court's review of the billing records reveals that the requested amount of hours are reasonable. First, Plaintiff was forced to file this action in order to collect on worthless checks. **[D.E. 1]**. Then, Plaintiff was required to file a response to Defendants' Motion to Strike, as well as to their Affirmative Defenses. **[D.E. 10, 31]**. Additional attorney hours were spent complying with the court's various scheduling and reporting requirements. See **[D.E. 12 & 13]**. Plaintiff was also required to attend court ordered mediation **[D.E. 15]**. In the interim, Plaintiff monitored and defended against various requests for extensions of pretrial and discovery deadlines by Defendants. **[D.E. 20, 32]**. Plaintiff was also required to file responses to Defendants' Motion for Judgment **[D.E. 19, 25]**.

After litigating this matter for approximately eight (8) months, and under the threat of sanctions by Judge Cooke (See Endorsed Order (April 24, 2007)("Counsel for Defendant is directed to file a formal notice of suggestion of bankruptcy....Counsel is forewarned that failure to comply with this Order may result in the imposition of sanctions"), Defendant filed a Suggestion of Bankruptcy on April 25, 2007. **[D.E. 40]**. Plaintiff was then forced to defend against an automatic stay in this court, as well as in the Bankruptcy Court. See **[D.E. 41]**. Plaintiff's efforts were successful in that Chief United States Bankruptcy Judge A. Jay Cristol, lifted the automatic stay, and allowed the instant action to proceed. See Order Granting Creditor's Mot. for Relief from Stay and Denying Mot. to Dismiss (June 6, 2007). **[D.E. 43]**.

Thereafter, Plaintiff continued seeking relief in this court in the form of a motion to remove the case from the "closed case" list. Subsequently, Plaintiff filed an Amended Complaint and the litigation continued until defense counsel withdrew from the case on or around September 5, 2007.

**[D.E. 48]**. Defendants, now unrepresented, failed to comply with court orders, including, but not limited to, Orders to Show Cause. **[D.E. 56]**. As noted above, a default judgment was entered in favor of Plaintiff in the amount of $1,483,785.40 on March 21, 2008. **[D.E. 66]**.

Upon review of the relevant pleadings, the docket activity, and the billing records, the Court finds that the statements evince good billing judgment. In fact, Plaintiff's statements reflect several courtesy discounts and voluntary waiver of certain fees (totaling over fifty hours) by Messrs. Sexton and Galvez, and by Ms. Kennady. **[D.E. 67, Ex. A]**. Consistent with the above and foregoing, the undersigned finds that the number of hours submitted are reasonable.

### C. Request for Costs

Plaintiff has submitted a request for **$ 7,797.84**[8] in costs representing the following: parking expenses, postage, courier fees, photocopies, West Law research, Pacer Research, office expenses, binding services, long distance phone charges, deposition services, professional translating services, process server fees, bank fees, and meals.

Fla. Stat. § 68.05 calls for reimbursement of "any **court costs**... incurred by the payee in taking the action." See Fla. Stat. § 68.05 (emphasis added). In addition, as the prevailing party, Plaintiff, is entitled to recover certain litigation costs incurred in pursuing this action. Unlike an award of attorney's fees, a prevailing party may normally recover costs as a matter of course. See Fed.R.Civ.P 54(d)(1).

To this end, Congress has specifically delineated which costs are recoverable. See 28 U.S.C. § 1920. Specifically, §1920 allows recovery of the following costs as a matter of course: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript

---

[8] The undersigned has carefully reviewed the statements submitted by Plaintiff and finds that Plaintiff's request for costs actually totals $7,843.84. See **[D.E. 67: 32]**.

necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts, compensation of interpreters; salaries, fees, expenses, and costs of special interpretation services. See 28 U.S.C. § 1920.

However, the award of costs is not automatic. The movant must not only show that the costs claimed are recoverable, but must also provide *sufficient detail and sufficient documentation* regarding those costs in order to permit challenges by opposing counsel and meaningful review by the court. See Lee v. American Eagle Airlines, Inc., 93 F. Supp. 2d 1322, 1335 (S.D. Fla. 2000) (movant "bears the burden of submitting a request for expenses that would enable the court to determine what expenses were incurred and whether Plaintiff is entitled to them") (citing Loranger v. Stierheim, 10 F.3d 776, 784 (11th Cir. 1994)). The movant should justify its cost claims by adequately describing the necessity of the services provided and their relationship to the case. See Davis v. Commercial Union Ins. Co., 892 F.2d 378, 385 (5th Cir. 1990) (ruling that the district court did not abuse its discretion in denying costs where "the affidavit in support of the motion for costs 'fail[ed] to set out with sufficient particularity [the expenditures] in order for the Court to determine the reasonableness' of the costs."). Indeed, failure to submit supporting documentation verifying the costs incurred and the services rendered (e.g., bills, invoices, receipts, etc.) can be grounds for denial of costs. See Johnson v. Mortham, 173 F.R.D. 313, 318 (N.D. Fla. 1997).

The recoverability of each category of expenses shall be addressed below.

**1. Parking expenses**

Defendant submits a total of $39 in parking fees. These costs are outside the parameters of § 1920. See Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996) (parking fees not

recoverable under § 1920). As such, it is **RESPECTFULLY RECOMMENDED** that same be **DENIED.**

### 2. Postage and Courier Fees

Plaintiff has submitted a request for reimbursement of postage and courier fees[9] in the amount of $160.10. Postage costs are non-recoverable under § 1920. See Duckworth, 97 F. 3d at 1399; see also Corsair Asset Management v. Moskovitz, 142 F.R.D. 347, 352 (N.D. Ga. 1992)(disallowing costs for postage because such costs are not provided for in § 1920). Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's request for reimbursement of postage costs be **DENIED**.

Similarly, § 1920 does not provide for the recovery of courier service costs. See Corsair Asset Management Inc.,142 F.R.D. at 351. Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's request be **DENIED**.

### 3. Photocopies

Plaintiff has submitted photocopying expenses in the amount of $1,851.60.[10] Generally speaking, photocopying expenses are recoverable. However, a party seeking to recover photocopying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used. Simply making unsubstantiated claims that such documents were necessary is insufficient to permit recovery. See Corsair Asset Management Inc., 142 F.R.D. 347, 352; see also, Johnson v. Mortham, 173 F.R.D. 313, 318-21 (N.D. Fla.

---

[9]Plaintiff's billing statement lumps these two items together. As such, it is impossible to ascertain exactly how much was spent on postage and how much was spent on courier fees.

[10]$130 was classified as photocopying/binding. Because there is no indication as to how much was spent on each task, these items shall be addressed under "photocopies."

1997)(court denied all undocumented costs, even though costs would have been taxable if properly documented).

Here, Plaintiff has not submitted any supporting invoices. Instead, Plaintiff submitted its internal billing statements. These billing statements fail to specify: 1) the number of copies; 2) the charge per page; and 3) the nature of the documents that were copied. Plaintiff has failed to meet its burden in this regard, and the undersigned is unable to ascertain whether the requested costs are reasonable. Accordingly, it is hereby **RESPECTFULLY RECOMMENDED** that Plaintiff's request be **DENIED** *without prejudice*.

### 4. West Law and Pacer Research

Plaintiff has submitted West Law and Pacer fees in the amount of **$ 2,773.85**. Computer research is not recoverable as a cost under §1920. See Duckworth, 97 F. 3d at 1399; see also, Corsair Asset Management, Inc., 142 F.R.D. at 351. Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's request be **DENIED**.

### 5. Office Expenses/File Handling/Binding Fees

Plaintiff has submitted a request for reimbursement of "office expenses/file handling" in the amount of $ 919.16. No explanation or supporting documentation has been provided. Upon review of the submissions, the court file and the relevant law, the undersigned finds that Plaintiff has not met its burden under Norman. Further, work that is clerical in nature is not compensable. See Scelta v. Delicatessen Support Servs. Inc., 203 F. Supp.2d, 1328, 1334 (M.D. Fla. 2002). Accordingly, the undersigned recommends that these costs be **DENIED**.

### 6. Long Distance /International Phone Charges

Long distance telephone charges are appropriate under § 1920 to the extent they are

reasonable. Dowdell v. City of Apopka, Fla., 698 F. 2d 1181, 1192 (11th Cir. 1983). Here, Plaintiff has submitted long distance/international phone bills totaling $65.39. Upon review of the billing statements and the court file, the undersigned finds that the costs submitted are reasonable. Accordingly, it is **RESPECTFULLY RECOMMENDED** that Plaintiff's request be **GRANTED**.

### 7. Deposition Services

Plaintiff has submitted a request for reimbursement of "deposition services" in the amount of $375. There is no explanation as to what services were paid for, i.e., attendance at a deposition, ordering of a transcript, etc. Likewise, the request is devoid of any invoices or backup billing statements from the vendor who rendered the services. Again, Plaintiff's counsel only submitted its internal billing statement – making it impossible for the court to ascertain whether the costs are reasonable. Upon review of the request, and the court file, the undersigned finds that Plaintiff has failed to meet its burden.

Consistent with the above and foregoing, it is **RESPECTFULLY RECOMMENDED** that Plaintiff's request for reimbursement of "deposition services" be **DENIED** *without prejudice.*

### 8. Professional Translating Services

Plaintiff has submitted a request for reimbursement of professional translating fees in the amount of $ 922.50. The Court may, in its discretion, tax translation costs under 28 U.S.C. §1920. See BDT Products v. Lexmark Int'l, 405 F.3d 415, 419 (6th Cir. 2005). Upon review of the submissions, and bearing in mind the fact that Plaintiff is a Chilean corporation, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's request for translation costs be **GRANTED**.

### 9. Process Server Fees

Plaintiff has submitted a request in the amount of $ 180 for process server fees. These are

recoverable under § 1920, and the undersigned finds that the amount is reasonable. Accordingly, it is **RESPECTFULLY RECOMMENDED** that said request be **GRANTED**.

### 10. Meals

Plaintiff has submitted $131.25 in meal costs. Meals are not compensable under the relevant statute. See Scelta, 203 F. Supp.2d, 1328, at 1339. Accordingly, it is **RESPECTFULLY RECOMMENDED** that these costs be **DENIED**.

### 11. Filing Fees

Plaintiff has submitted a request for reimbursement of $350 in filing fees. These are reasonable and recoverable under § 1920. As such, the undersigned **RESPECTFULLY RECOMMENDS** that they be **GRANTED**.

### 12. Bank Service Charge

Plaintiff has submitted a request for reimbursement of $40 in bank fees related to a wire transfer of funds. These are not recoverable under § 1920. Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** that said request be **DENIED**.

### 13. Miscellaneous

Plaintiff has submitted a request for reimbursement of expenses for services rendered by Esquire Express, Inc. in the amount of **$ 17.74**, and Eagle Express Messenger Services, Inc., in the amount of **$20.00**. No supporting documentation or explanation of the expenses were provided. Accordingly, the undersigned is not able to ascertain whether the requested items are recoverable and/or reasonable. As such, it is **RESPECTFULLY RECOMMENDED** that they be **DENIED**.

### IV. Conclusion

Consistent with the above and foregoing, it is hereby **RESPECTFULLY RECOMMENDED**

that Porcelanas Florencia, S.A.'s Motion for Attorneys' Fees and Costs [**D.E. 67**] be **GRANTED IN PART** and **DENIED IN PART**, as follows:

1.  Plaintiff's request for attorney's fees be **GRANTED** in the amount of **$102,681.50**.

2.  Plaintiff's request for costs be **GRANTED-IN-PART** and **DENIED-IN-PART** *without prejudice*, for a total cost award of **$1,516.09**.

Pursuant to S.D. Fla. Magistrate Rule 4(b), the parties may serve and file written objections with the Honorable Marcia G. Cooke, United States District Judge, within ten (10) days of being served with a copy of this Report and Recommendation. Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993); LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of November 2008.

_____
**William C. Turnoff
United States Magistrate Judge**

Copies furnished to:

Honorable Marcia G. Cooke
Counsel of Record